ESTHER H. LEVI et al., executors, and ROBERT H. MOORE, appellants,

*v.*

JOHN WELSH et al., respondents.

1. In case a deed is assailed by the grantor's creditors as fraudulent, the amount stated therein as the consideration is not conclusive in the absence of all proof. The admissions of the creditors' counsel that the defendant's statement in her answer as to the amount actually paid is correct, is enough to justify a decree that such conveyance stand as security for the money thus paid by defendant, with interest.

2. A mere false, exaggerated statement of the consideration in a deed fraudulent as to the grantor's creditors, without other proof of the grantee's participation in such fraud, is not enough to deprive the latter of her right to be re-imbursed out of the premises for her actual payments to the grantor.

3. Where lands are ordered to be sold to satisfy the judgment creditors of a fraudulent grantor, and the moneys actually paid by his grantee are declared a prior lien on the premises, such grantee's interest and estate therein are liable for the costs of the creditors' bill, unless the premises produce enough to satisfy the judgments and to pay such costs.

On appeal from a decree advised by Vice-Chancellor Bird, who filed the following conclusions:

No little embarrassment has fallen to the lot of the court in disposing of this matter (which otherwise would have been very simple), in consequence of the defendants' failing to prove the amount of money actually paid by Mrs. Welsh when she took the title which is assailed in this bill as fraudulent. The excuse for this omission, made upon the argument, was, that the consideration in the deeds, which is $7,000, must control the court until overthrown by direct proof. In such case, this is no proof whatever. But besides the circumstances in the case, as established by the testimony, which tend greatly to sustain the view of the complainants, that $7,000 were not paid, as expressed in the deed, the answer, in the plainest terms, admits that only $2,900 were paid. This simple allegation, unsupported by any testimony in

Levi *v.* Welsh.

the cause, could not be the foundation of a decree standing entirely alone; but I have felt it my duty, from the statements and admissions of the counsel for complainants, to accept, as a fact proved, the allegation in the answer, that Mrs. Welsh actually advanced $2,900 when the title to the property in question was conveyed to her.

But, taking this much to be true, I have found it a matter of concern that Mrs. Welsh accepted the title under false colors, in that the consideration expressed in the deed was $7,000, when only $2,900 were actually advanced.

The argument of counsel for the complainants that this comes within the statute of frauds, and shows a clear intent to put a barrier in the way of creditors, thereby hindering and delaying them, seems to me to be very forcible indeed; but in every such case the courts do not declare the transaction absolutely and wholly fraudulent, unless it appears, by other proof than a mere false consideration, that both parties intended to perpetrate a fraud; and when such intention does not appear, the inclination of the courts is to allow the conveyance to stand as a security for the amount actually advanced. There is enough in this case to bring it within this more general view. Nor do I find any proof sufficiently clear to warrant me in concluding that Mrs. Welsh had any other interest in the matter than to secure the $2,900, or that she had any intention of participating in wrong-doing. I think I am justified in these observations, and in this conclusion, by the case of *Roe* v. *Moore, 8 Stew. Eq. 526,* and *New York Fire Ins. Co.* v. *Tooker, 8 Stew. Eq. 408.*

My conclusion is, that the deed transferring the title to Mrs. Welsh can only stand as security for the sum of $2,900, with interest from the date of the deed. The complainants' judgment and the judgment of the applying creditor will be decreed to be liens from the time that they were respectively entered, with the right to execution to make the amounts due thereon. In case of a sale under the complainants' judgment or that of the applying creditor, and the proceeds thereof are enough to pay both of said judgments and costs, and also the costs of this suit, then it will be ordered that the costs of this suit be paid from the proceeds

Hurtzig v. Hurtzig.

of said sale ; but in case the said proceeds of sale be insufficient for such purposes, then, and in that case, the estate and interest of the said defendants in the said land shall be made liable to and for the costs of this suit.

*Mr. Thomas E. French* and *Mr. David J. Pancoast,* for the appellants.

*Mr. John W. Wartman* and *Mr. Howard Carrow,* for the respondents.

PER CURIAM.

This decree unanimously affirmed, for the reasons given by the vice-chancellor.